Todd Schwartz (Bar No. 042291994)
UnbeatableSale.com, Inc.
195 Lehigh Avenue
Suite 5
Lakewood, NJ 08701
Tel.:    (732) 363-0606
Fax:    (732)363-5666
E-mail: tschwartz@unbeatablesale.com

*Attorney for Plaintiff*
*UnbeatableSale.com, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNBEATABLESALE.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC., f/k/a FACEBOOK, INC., <br><br> Defendant. | Case No. |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff UnbeatableSale.com, Inc. ("UBS"), brings this action against Defendant Meta Platforms, Inc., f/k/a Facebook, Inc. ("Meta"), for breach of contract. This claim arises from Defendant's failure to follow its own terms of service. Diversity jurisdiction is asserted. In support of its Complaint, Plaintiff alleges as follows.

## PARTIES

1. Plaintiff UBS is a New Jersey corporation with its principal place of business at 195 Lehigh Avenue, Lakewood, NJ. Plaintiff is a direct marketing retailer that operates a website at www.unbeatablesale.com.

2. Defendant Meta is a Delaware corporation with its principal place of business at 1601 Willow Road, Menlo Park, CA. Defendant claims to build technologies and services that enable people to connect with each other, build communities and grow businesses.

3. On or about October 28, 2021, Facebook, Inc. ("Facebook"), changed its name to Meta.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332 because the parties are citizens of different states, and the amount in controversy exceeds $75,000.

5. This court has personal jurisdiction over Defendant because Facebook has numerous subscribers in New Jersey, and Meta/Facebook advertises in New Jersey.

6. Venue is proper in this district because Defendant is subject to personal jurisdiction in this district, and Defendant's actions were aimed at this judicial district.

## FACTUAL ALLEGATIONS

7. The Meta terms of service are a contract between Meta and its users.

8. Section 3 of the Meta terms of service states in part that:

"3. Your commitments to Facebook and our community … 2. **What you can share and do on Meta Products** … 1. You may not use our Products to do or share anything: … That infringes or violates someone else's rights, including the intellectual property rights (such as by infringing another's copyright or trademark, or distributing or selling counterfeit or pirated goods), unless an exception or limitation applies under applicable law….

We can remove or restrict access to content that is in violation of these provisions. We can also suspend or disable your account for conduct that violates these provisions, as provided in Section 4.B.

<u>If we remove content that you have shared in violation of the Community Standards, we'll let you know and explain any options you have to request another review,</u> unless you seriously or repeatedly violate these Terms or if doing so may expose us or others to legal liability; harm our community of users; compromise or interfere with the integrity or operation of any of our services, systems or Products; where we are restricted due to technical limitations; or where we are prohibited from doing so for legal

reasons. For information on account suspension or termination, see Section 4.B below." (Emphasis added.)

9. Defendant did not follow its own terms of service in this case.

10. Specifically, Defendant removed content of Plaintiff's, but did not let Plaintiff know about it and did not explain any options Plaintiff had to request another review.

11. Upon information and belief, Defendant received one or more complaints alleging intellectual property violations by Plaintiff.

12. Defendant did not notify Plaintiff of these complaints at the time.

13. Upon information and belief, Defendant removed content of Plaintiff's in response to these complaints.

14. Defendant did not notify Plaintiff of the removal of Plaintiff's content at the time.

15. Plaintiff only found out much later through vague postings on its Facebook notice page.

16. Plaintiff's Facebook notice page states in part that:

"A Page admin shared a post as the Page that went against our rules on intellectual property
Shared in Feed

   f Facebook took it down [-] 1 mo

A Page admin shared a post as the Page that went against our rules on intellectual property

    Shared in Feed

      f Facebook took it down [-] 1 mo

A Page admin shared a post as the Page that went against our rules on intellectual property
Shared in Feed

      f Facebook took it down [-] 3 mos" [<u>See</u> Screen Shot 1, Exhibit 1 to Complaint.]

    17.    According to Plaintiff's Facebook notice page, the removal of Plaintiff's content took place one month, one month, and three months before the notice was issued.

    18.    Upon information and belief, the content of Plaintiff's that Defendant removed consisted of product listings.

    19.    Upon information and belief, Plaintiff lost sales and money as a result of Defendant's removal of some of Plaintiff's product listings.

    20.    It is clear from Screen Shot 1 that Defendant did not provide Plaintiff with detailed information regarding the intellectual property complaints.

    21.    For example, the postings on Plaintiff's Facebook notice page do not identify the reporters of the complaints or the allegedly infringing products.

    22.    Because Defendant did not timely notify Plaintiff of the intellectual property complaints or supply detailed information, Plaintiff was unable to respond

with a Digital Millennium Copyright Act ("DMCA") counter notification or otherwise.

23. Defendant has placed restrictions on Plaintiff's Facebook page.

24. A posting on Plaintiff's Facebook notice page states in part:

**"Restrictions**
Your page is restricted because it didn't follow Community Standards. We know we're not always right, if you think we got it wrong you can disagree with our decision and in some cases get the restriction removed.

Your Page is at risk of being deleted because of continued Intellectual Property violations." [See Screen Shot 2, Exhibit 1 to Complaint.]

25. Upon information and belief, Defendant placed restrictions on Plaintiff's Facebook page because of the intellectual property complaints of which Plaintiff was not notified and to which Plaintiff was unable to respond.

26. Before Defendant placed the restrictions on Plaintiff's Facebook page, Plaintiff was averaging approximately 50 sales per day on Facebook.

27. Plaintiff was averaging approximately $1 million in sales per year through its Facebook page.

28. Since Defendant imposed the restrictions, Plaintiff's sales on Facebook have dwindled to approximately one or two per day.

29. Plaintiff has sustained substantial losses in sales and money on account of the restrictions Defendant has placed on Plaintiff's Facebook page.

## COUNT I
## BREACH OF CONTRACT

30. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

31. There is the existence of a contract in this case.

32. The Meta terms of service constitute a contract between Meta and its users, including Plaintiff.

33. Plaintiff complied with and performed all of its obligations under the Meta terms of service.

34. Defendant breached the Meta terms of service by, among other things, removing content of Plaintiff's and failing to let Plaintiff know that and failing to explain Plaintiff's options to request another review.

35. As a result, Plaintiff has been damaged in an amount to be determined at trial, and in excess of $75,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

(a) Awarding monetary damages in favor of Plaintiff and against Defendant Meta in the amount of two million dollars ($2,000,000) or in an amount to be determined at trial; and

(b) Awarding such other and further relief as the Court deems just, proper and equitable, including attorney's fees and costs.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

                                                Respectfully submitted,

Dated: November 1, 2022          By: *s/ Todd Schwartz*

                                                UnbeatableSale.com, Inc.
                                                Todd Schwartz (Bar No. 042291994)
                                                General Counsel
                                                195 Lehigh Avenue
                                                Suite 5
                                                Lakewood, NJ 08701
                                                Tel.:    (732) 363-0606
                                                Fax:    (732) 363-5666
                                                E-mail: tschwartz@unbeatablesale.com

                                                ***Attorney for Plaintiff***
                                                ***UnbeatableSale.com, Inc.***